NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMADO MORENO-LOPEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 17-70467 Agency No. A093-441-249 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2019**
Pasadena, California

Before: WARDLAW and BENNETT, Circuit Judges, and SESSIONS,*** District
Judge.

Amado Moreno-Lopez ("Moreno-Lopez") petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an Immigration

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition.

Substantial evidence supports the BIA's decision that Moreno-Lopez's untimely asylum application did not qualify for an exception to the one-year filing deadline. A late filing of an asylum application is excused if an applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D); *see also* 8 C.F.R. § 208.4(a). Moreno-Lopez argues that threats leveled against him by an individual in Mexico named Viviano constitute changed circumstances. But these threats are simply a continuation of the circumstances which Moreno-Lopez alleges prompted him to leave Mexico in the first place. Moreno-Lopez has not explained why these threats justify the long filing delay of fifteen years.

Moreno-Lopez also challenges the determination that his 2009 and 2015 DUI convictions constitute particularly serious crimes which render him ineligible for withholding of removal. We hold that the BIA did not err in finding that Moreno-Lopez's 2009 conviction is a particularly serious crime. Appellate review of whether an offense constitutes a particularly serious crime "is limited to ensuring that the agency relied on the 'appropriate factors' and 'proper evidence'

17-70467

to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (citation omitted) (internal alteration marks omitted). The BIA properly analyzed Moreno-Lopez's 2009 conviction under the framework outlined in *Matter of Frentescu*, 18 I. & N. Dec. 244 (BIA 1982) and found that the "substantial danger created" by Moreno-Lopez's conduct rendered the 2009 conviction a particularly serious crime. Since the BIA correctly determined that Moreno-Lopez has at least one particularly serious crime, we need not reach whether his 2015 conviction also constituted a particularly serious crime.

Lastly, substantial evidence in the record supports the BIA's decision that Moreno-Lopez did not establish that it is more likely than not that he will be subject to torture if removed back to Mexico. *See* 8 C.F.R. §§ 1208.16(c), 1208.17(a). Moreno-Lopez argues that he was harassed by Viviano because he thwarted Viviano's attempted rape and kidnapping of his neighbor. Moreno-Lopez testified that Viviano once tried to hit him with a truck and that on another occasion Viviano cornered him and began pulling his clothes. Other than those two incidents, Moreno-Lopez has only described verbal threats directed at him. Moreno-Lopez never testified to needing any medical treatment and he continued to go to work, run errands, and continue his daily life while these incidents with Viviano occurred. Moreno-Lopez's brother, also a witness to the attempted rape and kidnapping of their neighbor, lives in Mexico unharmed. Moreno-Lopez

3                                                                          17-70467

testified that his family still receives threats from Viviano concerning his return to Mexico, but these alone do not constitute torture. Given what occurred with Viviano in the past, these threats do not support a finding that it is more likely than not that Moreno-Lopez will be tortured upon return to Mexico.

**PETITION DENIED.**